UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

FILED BY _____ D.C.
NOV 18 2025
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

MAURICE SYMONETTE,

and FERRIS RHODES,

Plaintiffs,

v.                  Civil Action No. _____

TRUE LEASE FUNDING LLC,

and EDUARDO JUSTO, JR.,

Defendants.

_____/

NOTICE OF REMOVAL

(28 U.S.C. §§ 1331, 1334, 1343, 1367, 1441, 1446 & 1452)

Removed from:

In the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida

Case No. 25-015791-CA01

Plaintiffs/Removing Parties, MAURICE SYMONETTE and FERRIS RHODES ("Plaintiffs"), pursuant to 28 U.S.C. §§ 1331, 1334, 1343, 1367, 1441, 1446, and 1452, hereby remove the

for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida, Miami Division, and state:

## I. STATE-COURT ACTION BEING REMOVED

1. The action being removed is styled Maurice Symonette and Ferris Rhodes v. True Lease Funding LLC and Eduardo Justo, Jr., Case No. 25-015791-CA01, in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

2. In that action, Plaintiffs filed a pleading titled:

"Color of Law Complaint and Emergency Motion to Declare Void Writ of Replevin, for Immediate Return of Property, for Sanctions for Violation of the Bankruptcy Stay, and to Disqualify Judge for Financial Conflict of Interest."

3. The claims arise out of a prejudgment seizure of Plaintiffs' 2023 Land Rover Range Rover (VIN: SALKP9E77PA024694) allegedly carried out under color of state law, without a valid writ, and in violation of the federal automatic bankruptcy stay, with racially discriminatory conduct.

## II. FEDERAL JURISDICTION

A. Federal Question – 28 U.S.C. §§ 1331, 1343

4. This Court has original federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiffs assert claims arising under the Constitution and laws of the United States, including:

- 42 U.S.C. § 1983 – Deprivation of Property Without Due Process (Count I); and

- Equal Protection / Civil Rights (Racial Animus) (Count IV).

2

5. These claims allege that Defendants, acting together with law enforcement under color of state law, deprived Plaintiffs of property and equal protection in violation of the Fourteenth Amendment through a prejudgment seizure without constitutionally adequate safeguards and through racially hostile conduct.

6. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3), which grants jurisdiction over civil-rights actions seeking redress for deprivations, under color of state law, of rights secured by the Constitution and federal civil-rights laws.

B. Bankruptcy Jurisdiction – 28 U.S.C. § 1334 & 1452

7. Plaintiffs further allege that, at the time of the seizure, a bankruptcy case was pending, and that the 2023 Land Rover Range Rover was property of the bankruptcy estate or otherwise protected by the automatic stay under 11 U.S.C. §§ 362, 541, and 542 (Count II).

8. Plaintiffs seek relief for violation of the automatic stay, turnover of estate property, and damages/sanctions under 11 U.S.C. § 362(k).

9. Proceedings to enforce the automatic stay and to recover estate property are "core" bankruptcy matters within the district court's jurisdiction under 28 U.S.C. § 1334(b). See, e.g., United States v. Whiting Pools, Inc., 462 U.S. 198 (1983) (seized assets remain estate property and must be turned over); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1982); In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984) (acts in violation of the automatic stay are void in the Eleventh Circuit).

10. Under 28 U.S.C. § 1452(a), "a party may remove any claim or cause of action in a civil action ... if such district court has jurisdiction of such claim or cause of action under section 1334." Because this action arises under and in a case under Title 11, removal is proper under both § 1452(a) and § 1441(a).

C. Supplemental Jurisdiction – 28 U.S.C. § 1367

11. Plaintiffs also assert related state-law claims, including claims under Chapter 78, Florida Statutes (Replevin), and related state remedies regarding the same seizure event.

12. All state-law claims arise from the same nucleus of operative fact as the federal § 1983, equal-protection, and bankruptcy claims—namely, the October prejudgment seizure of the vehicle, the allegedly defective "writ of replevin," and the

3

violation of the federal automatic stay. Accordingly, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a).

## III. PROCEDURAL REQUIREMENTS FOR REMOVAL

13. This Notice is filed pursuant to 28 U.S.C. § 1446.

14. A copy of all process, pleadings, and orders served in the state-court action, including the "Color of Law Complaint and Emergency Motion," will be filed with this Court and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, as required by § 1446(a)–(d).

15. This Notice is filed within the time allowed by § 1446(b), measured from Plaintiffs' receipt of the operative pleading clearly setting forth federal claims under 42 U.S.C. § 1983 and Title 11.

16. Written notice of the filing of this Notice of Removal is being promptly given to all other parties and filed with the state court, as required by § 1446(d).

## IV. RESERVATION OF RIGHTS

17. By removing this action, Plaintiffs do not waive any defenses, objections, or arguments, including without limitation any challenge to the validity of the purported writ, defenses as to liability or damages, or any right to seek abstention or remand of particular state-law issues if appropriate.

## V. PRAYER FOR RELIEF

4

violation of the federal automatic stay. Accordingly, this Court has supplemental jurisdiction over those claims under 28 U.S.C. § 1367(a).

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

13. This Notice is filed pursuant to 28 U.S.C. § 1446.

14. A copy of all process, pleadings, and orders served in the state-court action, including the "Color of Law Complaint and Emergency Motion," will be filed with this Court and with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, as required by § 1446(a)–(d).

15. This Notice is filed within the time allowed by § 1446(b), measured from Plaintiffs' receipt of the operative pleading clearly setting forth federal claims under 42 U.S.C. § 1983 and Title 11.

16. Written notice of the filing of this Notice of Removal is being promptly given to all other parties and filed with the state court, as required by § 1446(d).

### IV. RESERVATION OF RIGHTS

17. By removing this action, Plaintiffs do not waive any defenses, objections, or arguments, including without limitation any challenge to the validity of the purported writ, defenses as to liability or damages, or any right to seek abstention or remand of particular state-law issues if appropriate.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs/Removing Parties respectfully request that this Court:

A. Accept this Notice of Removal and docket the action as removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 25-015791-CA01;

B. Exercise jurisdiction over the federal civil-rights and bankruptcy claims under 28 U.S.C. §§ 1331, 1334, and 1343, and supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367; and

C. Grant such other and further relief as the Court deems just and proper.

Dated: 11/18, 2025.

Respectfully submitted,

_/s/ Maurice S._
MAURICE SYMONETTE (Pro Se)


_/s/ Ferris Rhodes_
FERRIS RHODES (Pro Se)

Address: 1742 NW 68th Terrace, Mia, FL 33147
Phone: 786-859-9421
Email: bigboss1043@yahoo.com